# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENNIS MILSAP** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-4451** |
| **BP EXPLORATION & PRODUCTION, INC. ET AL** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] by plaintiff Dennis Milsap ("Milsap") for reconsideration of this Court's order[2] granting defendants, BP Exploration & Production, Inc.; BP America Production Company; BP p.l.c.; Halliburton Energy Services, Inc.; Transocean Deepwater, Inc; Transocean Holdings, LLC; and Transocean Offshore Deepwater Drilling, Inc.'s (collectively, "BP"), motion *in limine* to exclude plaintiff's expert witness and granting BP's motion for summary judgment. Plaintiff asserts that, in light of the sanctions recently ordered against BP by a U.S. Magistrate Judge in this District[3] and subsequent dismissal without prejudice[4] of the motion *in limine* and motion for summary judgment in the same case by another section of this Court, reconsideration pursuant to Federal Rule of Civil Procedure 59(e) is warranted. BP opposes the motion.[5] For the following reasons, the Court denies the motion.

---

[1] R. Doc. No. 69.

[2] R. Doc. Nos. 67 (order and reasons), 68 (judgment).

[3] *Torres-Lugo v. BP Expl. & Prod., Inc.*, No. 20-210, R. Doc. 136 (E.D. La. June 3, 2022).

[4] *Id.* R. Doc. No. 137.

[5] R. Doc. No. 70.

# I.   BACKGROUND

This is a "B3" case arising out of the 2010 Deepwater Horizon oil spill in the Gulf of Mexico.[6] B3 cases involve "claims for personal injury and wrongful death due to exposure to oil and/or other chemicals used during the oil spill response (e.g., dispersant)." *In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico, on Apr. 20, 2010*, No. MDL 2179, 2021 WL 6053613, at *9 (E.D. La. Apr. 1, 2021) (Barbier, J.). In the course of the MDL proceedings, Judge Barbier approved the Deepwater Horizon Medical Benefits Class Action Settlement Agreement, which included a Back-End Litigation Option ("BELO") permitting certain class members to sue the defendants for later-manifested physical conditions. *Id*. at *2. The B3 plaintiffs, by contrast, either opted out of the class action settlement agreement or were excluded from its class definition. *Id*. at *10 n.3. To prevail on their claims, the "B3 plaintiffs must prove that the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the response." *Id*. at *11.

Milsap was employed in response to the Deepwater Horizon ("DWH") oil spill.[7] According to his filings, he worked as a member of the onshore clean-up crew.[8] He claims to have worked for "10-12 hours per day for 5-7 days per week" from May 2010 to December 2011 on the beaches and islands of Mississippi.[9] Plaintiff alleges that exposure to crude oil and chemical dispersants caused him to develop a multitude of

---

[6] R. Doc. No. 6 ("Severing 780 Cases in the B3 Pleading Bundle and Re-allotting Them Among the EDLA District Judges") (Barbier, J.).
[7] R. Doc. No. 46-1, at 2.
[8] R. Doc. No. 46-3, at 3.
[9] *Id*. at 5.

adverse medical conditions, including pharyngitis, sore throat, bronchitis, nasal congestion, chronic sinusitis, difficulty swallowing, hoarseness, nosebleeds, chronic rhinitis, facial pain or sinus pain, nasal discharge, throat irritation, abdominal pain, loss of appetite, chronic heartburn, abdominal cramps, diarrhea, nausea, vomiting, weakness, thrombocytopenia, pleuritic chest pain, shortness of breath, blurred vision, eye irritation and burning, rash, skin crusting, dryness/flaking, itching, peeling, scaling, difficulty walking, headaches, dizziness, depression, and anxiety.[10]

Like other B3 plaintiffs, Milsap sought to support his claims that exposure to oil and dispersants caused health problems by introducing medical causation analysis by Dr. Jerald Cook ("Cook"). BP responded with a motion *in limine* arguing that Cook's testimony is scientifically unreliable and therefore inadmissible pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).[11] This Court granted that motion and simultaneously granted BP's motion for summary judgment.[12]

Plaintiff now argues that the Court's orders on BP's motion *in limine* and motion for summary judgment should be reconsidered in light of the *Torres-Lugo* sanctions, dismissal of BP's motions *in limine* and for summary judgment in the same case, and the ongoing dispute over BP's decision not to collect dermal and biometric

---

[10] R. Doc. No. 47-5, at 1–3.
[11] R. Doc. No. 46.
[12] R. Doc. No. 67.

data from cleanup workers.[13] In a single sentence, he characterizes "BP's failure to collect the data" as possible "anticipatory spoliation."[14]

## II.    STANDARD OF LAW

A Rule 59(e) motion to alter or amend a judgment "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Amending a judgment pursuant to Rule 59(e) is appropriate only when one of the following criteria is satisfied: "(1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; [or] (4) the motion is justified by an intervening change in the controlling law." *Theriot v. Brit Sys., Inc.*, No. 11-1995, 2013 WL 12238852, at *1 (E.D. La. Apr. 23, 2013) (Africk, J.) (quoting *Jupiter v. BellSouth Telecomms., Inc.*, No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.)).

## III.    ANALYSIS

Plaintiff does not explain which of the Rule 59(e) criteria he believes is satisfied here. Instead, he merely rehashes arguments previously made and rejected by this

---

[13] R. Doc. No. 69-1, at 1–3.
[14] *Id.* at 2.

4

Court. He argues that "summary judgment is not appropriate where it has now been ruled [in the *Torres-Lugo* case] that BP failed to produce a qualified corporate witness to respond to questions that go to the heart of the general causation issue."[15]

As this Court has previously stated, the *Torres-Lugo* sanctions are irrelevant to defendants' motions *in limine* and for summary judgment.[16] Sanctions and more discovery on BP's internal decision-making regarding data collection have no effect on the data *actually available* to Cook to prove general causation and, as another section of this Court has noted, are therefore not outcome determinative of the legal issue of general causation. *Dawkins v. BP Expl. & Prod., Inc.*, No. 17-3533, 2022 WL 4355818, at *3 (E.D. La. Sept. 20, 2022) (Vance, J.) (citing *Peairs v. BP Expl. & Prod.*, No. 17-3596, R. Doc. No. 65, at 2 (E.D. La. July 19, 2022) (Vance, J.)). As for Milsap's anticipatory spoliation allegation, "even assuming that BP had an affirmative duty to conduct dermal testing or biomonitoring after the oil spill, the lack of this information is not what renders Dr. Cook's expert report" inadmissible. *Barkley v. BP Expl. & Prod. Inc.*, No. 13-1020, 2022 WL 3715438, at *1 (E.D. La. Aug. 5, 2022) (Barbier, J.).

Considering the above, the Court finds that no circumstance is present which justifies alteration or amendment pursuant to Rule 59(e). Reconsideration of the order granting BP's motion *in limine* and motion for summary judgment is not "necessary to correct manifest errors of law or fact upon which the judgment is based."

---

[15] *Id.* at 3.
[16] R. Doc. No. 67, at 18.

*Theriot*, 2013 WL 12238852, at *1. Milsap has presented no new evidence. *Id.* Reconsideration would not prevent any "manifest injustice," because, as explained above, the circumstances relied upon by Milsap are irrelevant to the orders he urges the Court to reconsider. *Id.* Finally, Milsap has pointed to no "intervening change in controlling law." *Id.* Accordingly,

**IT IS ORDERED** that the plaintiff's motion is **DENIED**.

New Orleans, Louisiana, October 11, 2022.

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**